UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| Jiangsu Alcha Aluminum Co., Ltd., <br> Baotou Alcha Aluminum Co., Ltd., and <br> Alcha International Holdings Limited, <br><br>                  Plaintiffs <br><br>                 v. <br><br> UNITED STATES, <br><br>                  Defendant | Court No. 22-00292 |

## COMPLAINT

Plaintiffs Jiangsu Alcha Aluminum Co., Ltd., Baotou Alcha Aluminum Co., Ltd., and Alcha International Holdings Limited (Collectively known as "Alcha Group" or "Alcha"), by and through their attorneys, allege and state:

### ADMINISTRATIVE DETERMINATION CONTESTED

1. Plaintiffs challenges the final results of the U.S. Department of Commerce, International Trade Administration (the "Department"), in the second administrative review ("AR2") of the antidumping duty ("AD") order on common alloy aluminum sheet from the People's Republic of China ("China") covering the period February 1, 2020, through January 31, 2021, published as *Common Alloy Aluminum Sheet From the People's Republic of China: Final Results of Antidumping Duty Administrative Review; 2020–2021*, 87 Fed. Reg. 54,975 (September 8, 2022) ("*Final Results*").

2. The Department's final determinations, findings, and conclusions are set out primarily in the March 7, 2022 "Issues and Decision Memorandum for the Final Results of the

Administrative Review of the Antidumping Duty Order on Common Alloy Aluminum Sheet from the People's Republic of China; 2020-2021 (August 31, 2022) ("Final Decision Memo").

## JURISDICTION

3. The Alcha Group brings this action pursuant to Section 516A(a)(2) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2). The Alcha Group contests the Department's Final Results generally and specifically as applied to the Alcha Group. This Court has jurisdiction under 28 U.S.C. § 1581(c).

## STANDING

4. Plaintiff Jiangsu Alcha Aluminum Co., Ltd. ("Jiangsu Alcha"), a Chinese corporation, is a producer of subject common alloy aluminum sheet ("CAAS") exported to the United States. Plaintiff Baotou Alcha Aluminum Co., Ltd. ("Baotou Alcha"), a Chinese corporation, is an affiliated intermediate input supplier to Jiangsu Alcha. Plaintiff Alcha International Holdings Limited ("Alcha International"), a Hong Kong corporation, is an exporter of CAAS produced by Jiangsu Alcha. Jiangsu Alcha, Baotou Alcha and Alcha International are interested parties under Sections 516A(f)(3) and 771(9) of the Act, codified at 19 U.S.C. §§ 1516a(f)(3) and 1677(9), respectively. Jiangsu Alcha, Baotou Alcha and Alcha International were also parties to the administrative proceeding from which this matter arises. Plaintiffs thus have standing to bring this action under 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

5. Plaintiffs filed a Summons with this Court on October 6, 2022, within 30 days from the date of publication of the Final Results. Plaintiffs' Complaint is timely filed pursuant to 19 U.S.C. § 1516a(a)(2)(A) and Rule 3 of the Rules of this Court, which requires that the Complaint be filed within 30 days of the Summons.

## STANDARD OF REVIEW

6. The Court must remand any administrative determination by the Department which is "unsupported by substantial evidence on the record as a whole, or is otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B).

## BACKGROUND

7. On April 1, 2021, the U.S. Department of Commerce, International Trade Administration, initiated the administrative review of the antidumping duty order covering common alloy aluminum sheet from the People's Republic of China for the period February 1, 2020, through January 31, 2021. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 86 Fed. Reg. 17,124 (April 1, 2021).

8. On March 4, 2022, Commerce published preliminary results of this administrative review. *See Common Alloy Aluminum Sheet From the People's Republic of China: Preliminary Results of Antidumping Duty Administrative Review; 2020–2021,* 87 Fed. Reg. 12,431 (March 4, 2022). Commerce preliminarily determined that the antidumping duty margin for the Alcha Group was 39.10 percent.

9. The Department's preliminary determinations, findings, and conclusions are set out primarily in the February 25, 2022 "Decision Memorandum for the Preliminary Results of the 2020-2021 Antidumping Duty Administrative Review of Common Alloy Aluminum Sheet from the People's Republic of China (February 25, 2022).

10. On April 4, 2022, the Alcha Group submitted a case brief arguing that: (1) the Department erred in choosing Romania as the principal surrogate country and selecting the Romanian financial statements to calculate financial ratios; (2) the Department erred in adjusting the raw material consumption rate; (3) the Department erred in rejecting a relief from double

remedies resulting from concurrent imposition of countervailing duties to offset domestic subsidies; and (4) the Department erred in valuation of North American inland freight for FOPs.

11. On September 8, 2022, Commerce published the final results for Alcha, rejecting the arguments of Plaintiffs. *See Common Alloy Aluminum Sheet From the People's Republic of China: Final Results of Antidumping Duty Administrative Review; 2020–2021*, 87 Fed. Reg. 54,975 (September 8, 2022) ("*Final Results*"). The Department re-calculated the margin for the Alcha Group at 51.50 percent in the Final Results.

## STATEMENT OF CLAIMS

### COUNT ONE

### SELECTION OF SURROGATE COUNTRY

12. Paragraphs 1 through 11 are realleged and incorporated herein.

13. The Department found that Bulgaria satisfied both statutory criteria by being economically comparable to China and having significant production of subject merchandise. Throughout the AR2, Plaintiffs placed surrogate value information from Bulgaria on the record for the Department's use in valuing FOPs. Notwithstanding the Department's finding that "the record contains complete SV data, including surrogate financial statements, from Bulgaria," the Department selected Romania as the primary surrogate market economy country, from which the values of Alcha's factors of production ("FOP") were derived to calculate normal value. *See* Final Decision Memo (August 31, 2022), at 9-15.

14. The Department's selection of Romania as the surrogate country for China in the AR2 is unsupported by substantial evidence and otherwise not in accordance with law.

### COUNT TWO

### SELECTION OF FINANCIAL STATEMENTS

15. Paragraphs 1 through 14 are realleged and incorporated herein.

16. The record evidence establishes that the Romanian financial statements do not constitute the best available information. There is an antidumping duty order imposed on aluminum sheet from Romania. The Romanian producers' financial statements contain evidence of government subsidies. The Department also found that Bulgarian financial statements "allowed for a more detailed breakdown of cost" and is more specific "in terms of revenue from comparable merchandise" than Romanian financial statements. *See* Final Decision Memo, at 21-22.

17. The Department's decision that Romanian financial statements is the best available information for the purposes of calculating surrogate financial ratios in the AR2 is unsupported by substantial evidence and otherwise not in accordance with law.

## COUNT THREE

### APPLICATION OF PARTIAL ADVERSE FACTS AVAILABLE TO RAW MATERIAL CONSUMPTION

18. Paragraphs 1 through 17 are realleged and incorporated herein.

19. Plaintiffs reported complete factors of production (FOPs) and reconciled the FOPs to Plaintiffs' accounting system in the AR2. In the Final Results, the Department applied partial adverse facts available ("AFA") to calculate the yield loss and made an upward adjustment to Plaintiffs' raw materials consumption rate. *See* Final Decision Memo, at 29-38.

20. The Department's application of the partial AFA to Plaintiffs' raw material consumption rate was unlawful and not based on substantial evidence.

## COUNT FOUR

### DOUBLE REMEDIES ADJUSTMENT

21. Paragraphs 1 through 20 are realleged and incorporated herein.

22. The Statute instructs the Department to make a double remedies adjustment when it can reasonably estimate the extent that the countervailable subsidy, in combination with normal value calculated, has increased the dumping margin. 19 U.S. Code § 1677(f)(1)(C). The record evidence establishes that subsidies related to primary aluminum and electricity affected the monthly costs and prices of subject merchandise. Therefore, the Department must make a double remedies adjustment to offset the effect of the domestic subsidies.

23. In the Final Results, the Department rejected the Alcha Group an adjustment for double remedies resulting from the imposition of countervailing duties to offset domestic subsidies. *See* Decision Memo, at 40-43.

24. The Department's decision to deny a double remedy offset for the domestic subsidies was unlawful and not based on substantial evidence.

## COUNT FIVE

### SURROGATE DISTANCE OF NORTH AMERICAN INLAND TRAIN FREIGHT

25. Paragraphs 1 through 24 are realleged and incorporated herein.

26. The record evidence establishes that Plaintiffs used cargo trains to transport subject merchandise in the North America. In the Final Results, the Department used Amtrak passenger train distances, instead of truck distances, in calculating North American inland freight. Passenger trains have more stopping points and longer distance routes than cargo trains.

27. The Department's decision to use the passenger train distances to estimate Plaintiffs' cargo train distances is not in accordance with law, nor is it based on substantial evidence.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs, declare that the Department erred in the final results in the subject administrative review as alleged herein, and remand to the Department with instructions to publish new final results in conformity with the opinion of this Court.  Specifically, Plaintiffs pray that this Court remand the Department to:

a. Hold unlawful the determinations of Commerce identified above;

b. Remand this matter to Commerce for determinations consistent with the holding of this Court; and,

c. Grant Plaintiffs such further and additional relief as this Court may deem just and proper.

                                                   Respectfully submitted,

                                                   */s/ Daniel Cannistra*

                                                   Daniel Cannistra, Esq.
                                                   Pierce Lee, Esq.

                                                   Crowell & Moring
                                                   1001 Pennsylvania Ave., N.W.
                                                   Washington, D.C.  20004

                                                   Counsel for Plaintiffs Jiangsu Alcha Aluminum Co., Ltd., Baotou Alcha Aluminum Co., Ltd., and Alcha International Holdings Limited

Dated:  November 7, 2022

## CERTIFICATE OF SERVICE

      Pursuant to Rule 3(f) of the Court of International Trade, I, Daniel Cannistra, hereby certify that I have caused copies of the Complaint, in Jiangsu Alcha Aluminum Co., Ltd. et al. v. United States, Case No. 22-00292, be served upon the parties in the administrative proceeding, by the U.S. certified mail, return receipt requested on November 7, 2022.

**UPON THE UNITED STATES:**

Attorney General of the United States
Attorney-in-Charge
International Trade Field Office
U.S. Department of Justice
26 Federal Plaza
New York, NY 10278

Supervision Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, DC 20044

**UPON THE DEPARTMENT OF COMMERCE:**

Robert Heilferty, Esq.
Chief Counsel
Office of the Chief Counsel for Trade Enforcement and Compliance
International Trade Administration
U.S. Department of Commerce
14th Street and Constitution Ave., NW
Washington, DC 20230

**Other Interested Parties**

John M. Herrmann, Esq.
**Kelley Drye & Warren LLP**
3050 K Street, NW
Washington, DC 20007-5108
Phone: 202-342-8400
Email: jherrmann@kelleydrye.com

                                                 /s/ *Daniel Cannistra*
                                                  Daniel Cannistra